## UNITED STATES of America, Appellant,

v.

## Howard JANKOWSKI, Appellee.

No. 84–3635.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 25, 1985.

Decided Aug. 26, 1985.

bation. The district court declared that appellee's rights to notice and a speedy disposition of his probation violation charge under Art. III of the Interstate Agreement on Detainers Act, 18 U.S.C.App. §§ 1–8 (1982) (IADA), had been violated and that dismissal of the charge was therefore required under Art. V(c) of the Act. The Supreme Court has since held in *Carchman v. Nash,* —— U.S. ——, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985), that Art. III of the IADA does not apply to detainers based on probation violation charges. Accordingly, we will reverse.[1]

J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellant.

George E. Schumacher, Federal Public Defender, James V. Wade, Asst. Federal Public Defender, Pittsburgh, Pa., for appellee.

Before ADAMS, WEIS and WISDOM,[*] Circuit Judges.

### OPINION OF THE COURT

ADAMS, Circuit Judge.

■ This is an appeal from an order of the district court vacating the prior judgment and commitment order in which it found that appellee had violated his probation, dismissing the probation violation complaint, and reinstating appellee to pro-

I.

On May 10, 1983, appellee Howard Jankowski pleaded guilty in Pennsylvania state court to failing to make required disposition of funds in violation of 18 Pa.Cons. Stat.Ann. § 3927 (Purdon 1983). He was at that time also serving a federal term of probation for a previous conviction of mail fraud under 18 U.S.C. §§ 1341 and 1342 (1982). On August 1, 1983, Jankowski was sentenced to 11 ½ to 23 months imprisonment for his Pennsylvania conviction.

Because his Pennsylvania conviction constituted a violation of his federal probation sentence, the United States Marshall's Office filed a detainer against Jankowski with the Pennsylvania correctional authorities. Jankowski was informed that the detainer had been filed, but it is unclear whether he was told anything more than that. If he did receive any information as to how to dispose of the probation violation charge, it consisted of a statement that he had no right under the IADA[2] to speedy disposi-

---

[*] The Honorable John Minor Wisdom, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Appellee contends that neither 18 U.S.C. § 3731 (1982) nor 28 U.S.C. § 1291 (1982) grants the Court jurisdiction over this appeal. Because we believe that § 3731 does authorize appeals from dismissals of probation violation charges, and because no double jeopardy concerns are presented, *see United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), we reject appellee's contention that we lack jurisdiction under § 3731. We therefore

find it unnecessary to decide whether we also have jurisdiction under § 1291. *Cf. United States v. Ferri,* 686 F.2d 147 (3d Cir.1982) (leaving open the question whether jurisdiction exists under § 1291 over an appeal from an order reducing sentence).

2. The Interstate Agreement on Detainers Act, 18 U.S.C.App. §§ 1–8 (1982), provides in pertinent part:

Article III
(a) Whenever a person has entered upon a term of imprisonment in a penal or correc-

tion of the charge filed against him because the IADA did not apply to detainers based on probation or parole violations. App. at 101–02. Jankowski made no request that the probation violation charge be expeditiously resolved nor was that charge disposed of until July 31, 1984. At that time, the district court revoked Jankowski's probation and reimposed the two-year sentence of imprisonment that had originally been ordered, but suspended, in connection with Jankowski's federal conviction. The court denied Jankowski's motion to dismiss, holding that he had not been denied due process by virtue of the United States Probation Department's failure expeditiously to resolve the probation violation charge.

On August 2, 1984, in a petition to reconsider his motion to dismiss on additional grounds, Jankowski for the first time alleged a violation of his rights under the IADA, citing the recent decision of this Court in *Nash v. Jeffes*, 739 F.2d 878 (3d Cir.1984), *rev'd sub nom. Carchman v. Nash*, —— U.S. ——, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). *Nash v. Jeffes* held that the IADA applied to detainers based on probation transgressions. The motion for reconsideration was granted, and, at a hearing held September 4, 1984, the district court found that Jankowski's right under the IADA to speedy disposition of his probation violation charge had been abridged. Jankowski's failure to request such speedy disposition was excused because state prison authorities had led him to believe that the IADA did not apply to his situation. The trial court therefore ruled that dismissal of the charges was required by Art. V(c) of the Act. It vacated its earlier order reimposing Jankowski's prison term and reinstated him to probation.

## II.

The government's appeal in this case was held in abeyance pending the Supreme Court's decision in *Carchman v. Nash, supra,* which was announced July 2, 1985. In that opinion, the Court held that Art. III of the IADA does not apply to detainers based on probation violation charges, thereby reversing the decision relied upon by the district court in this case for its conclusion that the IADA mandated dismissal of the federal probation violation charge against Jankowski. We then requested additional briefing by the parties on the issue of the relevance of *Carchman* to this appeal.

## III.

If applicable, the decision in *Carchman* is dispositive of the issue posed in this case. We must therefore decide whether *Carchman* is to be applied retroactively. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court set out the three factors to be considered in resolving questions of retroactivity. First, the court must decide whether a decision establishes

---

tional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any one party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint ....

....

Article V

(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

*Id.* § 2. The United States is a signatory to the Act, *id.,* as is the Commonwealth of Pennsylvania. *See* 42 Pa.Cons.Stat.Ann. §§ 9101–9108 (Purdon 1982).

a new principle of law, either by overruling clear past precedent on which litigants have relied or by deciding an issue of first impression in a manner not clearly foreshadowed. If the case does create such a new principle of law, it should not be applied retroactively. Second, it must be determined whether retroactive application would further the purposes of the rule in question. Finally, retroactive effect should not be accorded where it would result in substantial hardship or injustice. *Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355–56.

 In the case before us, consideration of these factors suggests that *Carchman* should be applied retroactively. The majority of the courts that had considered the question whether Art. III of the IADA applied to a detainer based on a probation infraction had held that it did not. The Supreme Court's decision in *Carchman* therefore affirmed clear past precedent. Furthermore, Jankowski cannot claim to have relied upon a different rule since the only case that had held that probation violation detainers were covered by the IADA, *Nash v. Jeffes,* was decided after he failed to request speedy resolution of his probation violation charge. Retroactive application of *Carchman* merely affirms the understanding of the IADA upon which Jankowski relied in failing to request speedy disposition. Thus no fairness concerns are raised by the application of *Carchman* to this case. We conclude that, with two of the *Chevron Oil* factors weighing so heavily in favor of giving retroactive effect to the Supreme Court's decision, it is appropriate to apply the rule of *Carchman* in this case.

### IV.

As we deem the decision in *Carchman* dispositive of the issues in the present proceeding, we will reverse and remand to the district court for further action consistent with this opinion.