**In re Thomas A. GRAHAM and Elizabeth M. Graham, Debtors.**

**Thomas A. GRAHAM and Elizabeth M. Graham, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 87–03092F.**
**Adv. No. 88–0630F.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 23, 1988.

Spencer Ervin, Jr., Leslie Beth Baskin, Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for debtors/plaintiffs, Thomas A. Graham and Elizabeth M. Graham.

Stuart Glick, Dept. of Justice, Washington, D.C., H. Stephen Kesselman, Dist. Counsel, I.R.S., Philadelphia, Pa., for defendant I.R.S.

James J. O'Connell, Philadelphia, Pa., U.S. Trustee.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

The dispute before me arises in the context of an adversary proceeding brought by the debtors against the Internal Revenue Service ("IRS"), which seeks a determination that a debt owed to IRS is dischargeable. The defendant has filed two motions: one requesting "Partial Summary Judgment," and another seeking a protective order denying the debtors discovery (or, in the alternative, staying discovery pending the resolution of the summary judgment motion).[1]

### I.

On June 23, 1987, the debtors filed for chapter 11 relief under the Bankruptcy Code. As of the date of their filing, IRS claimed that the debtors owed certain sums of money on federal income taxes for the years 1969 through 1975. The sums claimed by IRS for years 1969 through 1972, inclusive, include assessments for fraud penalties and interest.

In February, 1980, IRS issued and mailed to the debtors, pursuant to 26 U.S.C. § 6212, a notice of tax deficiency covering the years 1969 through 1972. The purpose of this notice was to inform the debtors that IRS had determined they were delinquent in their federal income tax, having allegedly received unreported income from a corporation in which the debtor/husband was president, chairman of the board and principal shareholder.[2] The debtors challenged the notice in tax court pursuant to 26 U.S.C. § 6213(a) on the basis that IRS had determined the tax deficiency and attendant penalties by using certain secret grand jury materials from a non-related matter. The debtors argued that such use constituted misuse and abuse of the grand jury proceedings, requiring invalidation of the deficiency notice. IRS denied that such use was improper, or that the resulting notices were thereby invalidated.

Debtors declined the opportunity for a trial in tax court, and instead submitted to that court a stipulated record, which provided in pertinent part as follows:

Petitioners Thomas A. Graham and Elizabeth Graham agree that if it is finally determined that the notice of deficiency issued to them for the years in issue is not invalid the deficiencies in income tax and additions to tax determined therein, although not admitted, are uncontested so that decision may be entered in accordance with respondent's determinations contained in the statutory notice of deficiency ... without the necessity for the introduction of any evidence by petitioners or respondent.

*Graham v. Commissioner*, 82 T.C. 299, 305 (1984), *aff'd*, 770 F.2d 381 (3d Cir.1985). The tax court held that the notice was not invalid, and entered judgment against the debtors and in favor of the IRS in the amount of $285,529.00.[3] This figure includes an additional assessment pursuant to 26 U.S.C. 6653(b), which empowers IRS

---

1. The debtors do not seriously oppose the request for a protective order. It is the effect of the tax court decision that divides these parties.

2. The notice of deficiency was not offered in evidence.

3. Pursuant to the determination of the tax court as set forth in its opinion, the court entered an order on February 28, 1984 that provided in pertinent part:

ORDERED AND DECIDED: That there are deficiencies in and additions to petitioners' Federal income taxes for the years and amounts as follows:

| Year | Deficiency | Additions to Tax Sec. 6653(b) |
|------|-----------|--------------------------------|
| 1969 | $34,301.00 | $17,151.00 |
| 1970 | 62,689.00 | 31,345.00 |
| 1971 | 64,849.00 | 32,425.00 |
| 1972 | 28,513.00 | 14,256.00 |

(Government Exhibit A).

to make such additions if the tax underpayment is fraudulent.[4]

Additionally, on March 12, 1986, the tax court entered a decision against the debtors with respect to the taxable years 1973 through 1975, and decided and ordered that there were the following deficiencies to the debtors' federal income taxes:

| Year | Deficiency |
|------|------------|
| 1973 | $14,868.00 |
| 1974 | 3,652.00 |
| 1975 | 5,627.00 |

(Decision entered March 12, 1986, Docket No. 23937–81. *See* Government Exhibit B.) However, IRS apparently concedes that the tax debt due from 1973 through 1975 could be dischargeable (Reply of IRS to debtors' response to its Motion for Partial Summary Judgment, pp. 3–4; N.T. at 5), and with respect to this tax deficiency argues only that the amount cannot be relitigated in this court under 11 U.S.C. § 505(a)(2)(A). The debtors concede that, with respect to the 1973 through 1975 tax deficiencies, the debtor/wife is barred from relitigating the deficiency assessments on the basis of *res judicata.* (Debtors' Response to the Motion for Partial Summary Judgment, p. 8.) With respect to the tax debt for the years 1969 through 1972, IRS argues the debt is nondischargeable for two reasons: that it too cannot be relitigated under 11 U.S.C. § 505(a)(2)(A) and the doctrine of *res judicata,* and that it is nondischargeable pursuant to § 523(a)(1)(C).

## II.

IRS' motion for summary judgment[5] was filed pursuant to Bankruptcy Rule 7056, incorporating Rule 56 of the Federal Rules of Civil Procedure. F.R.Civ.P. 56(c) allows me to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Courts are to resolve any doubts as to the existence of genuine issues of fact against the moving party, *Hollinger v. Wagner Mining Equip. Co.,* 667 F.2d 402, 405 (3d Cir.1981); *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir. 1981); *In re Behr,* 42 B.R. 922, 925 (Bankr. E.D. Pa.1984), the evidence being viewed in the light most favorable to the party opposing the motion. *Goodman v. Mead Johnson & Co.;* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *In re Behr.*

The burden of showing the absence of a genuine issue of material fact as to any issue is placed squarely upon the moving party. *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208 (3d Cir.1984); *Fairbanks, Morse & Co. v. Consolidated Fisheries Co.,* 190 F.2d 817, 824 (3d Cir.1951). Thus, with the above principles in mind, I must determine whether IRS has met its burden in showing that there exists no genuine issue as to all material facts which would entitle it to judgment as a matter of law.

## III.

■ IRS argues that I am collaterally estopped to hold that the tax liabilities for

---

**4.** 26 U.S.C. § 6653(b) provides:

> (b) Fraud.—
> (1) In general.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of—
> (A) 75 percent of the portion of the underpayment which is attributable to fraud, and
> (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to such portion for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax or, if earlier, the date of the payment of the tax.

> (2) Determination of portion attributable to fraud.—If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes is not attributable to fraud.
> (3) Special rule for joint returns.—In the case of a joint return, this subsection shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse.

**5.** If granted, the summary judgment motion would serve to bring to an end the entire adversary proceeding, and thus is improperly denominated as one for "partial" judgment.

years 1969 through 1972 are nondischargeable under 11 U.S.C. § 523(a)(1)(C) by virtue of the tax court's prepetition ruling. Pursuant to § 523(a)(1)(C):

> (a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (1) for a tax or customs duty—
> >
> > C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Collateral estoppel, or issue preclusion,[6] embodies the principle that later courts should honor the first decision of a matter that had been actually litigated. *Rider v. Pennsylvania*, 850 F.2d 982, 989 (3d Cir. 1988). In order for a debtor to be precluded from relitigating issues related to dischargeability, a four part test has been established. As the Third Circuit has stated, this test requires that:

> ... (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*Matter of Ross*, 602 F.2d 604, 608-09 (3d Cir.1979). *Accord, e.g., In re Gaebler*, 88 B.R. 62 (E.D.Pa.1988); *In re Cobley*, 89 B.R. 446 (Bankr.E.D.Pa.1988); *In re McCall*, 76 B.R. 490 (Bankr.E.D.Pa.1987). In determining whether this test has been

met, the bankruptcy court must carefully review the record made in the court issuing the prior judgment. *Matter of Ross*, 602 F.2d at 608; *In re Cobley*, 89 B.R. at 448.

At the outset I note that the tax court decided the question of the debtors' tax liability on the basis of a stipulated record. The issue placed by stipulation before the tax court was the validity of the notice of deficiency. The tax court framed the issue thusly:

> Petitioners allege that the Internal Revenue Service's use of these grand jury materials constituted misuse and abuse of those proceedings, requiring invalidation of the statutory notices of deficiency. Respondent, while admitting his use of the grand jury materials, denies that such use was improper or that the statutory notices are invalid.

82 T.C. at 305.

Specifically at issue was the propriety of an order entered November 20, 1973 by then District Court Judge A. Leon Higginbotham, Jr., granting the U.S. Attorney's *ex parte* petition, pursuant to Federal Rule of Criminal Procedure 6(e), for authorization to disclose secret grand jury matters to IRS agents.[7] The order provided, in part, that "the [IRS] agents, special agents, and employees shall not be prohibited from utilizing such material in the course of their official duties, for either criminal or civil purposes...." *Graham v. Commissioner*, 82 T.C. at 303.

Rule 6(e) was subsequently amended, and the United States Supreme Court is-

---

**6.** The Third Circuit has adopted the United States Supreme Court's and Second Restatement of Judgments' use of the terms "claim preclusion" and "issue preclusion," in order to simplify and clarify the often confusing terms *res judicata* and collateral estoppel. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir.1988).

**7.** Prior to 1977, Rule 6(e) provided as follows:
Rule 6. The Grand Jury.
(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise, a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose mat-

ters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

sued two decisions addressing the scope of Rule 6(e)(2) and (3), as then in force.[8] In *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), addressing these subsequently-enacted exceptions to the rule of grand jury secrecy, the Court severely limited IRS access to grand jury materials for civil tax purposes by holding that such disclosure could only be made under court order under Rule 6(e)(3)(C)(i) upon a showing of "particularized need." In *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983) the court further held that a civil tax audit is not "preliminarily to or in connection with a judicial proceeding" within the meaning of (C)(i). Thus, in 1983, a civil tax audit was no longer a permissible ground for granting access to grand jury materials, and the tax court therefore had to decide whether the Supreme Court's rulings in *Sells Engineering* and *Baggot* were to be applied retrospectively.

The court answered this question by "assum[ing] without deciding that respondent's use of the grand jury materials was improper and that the Supreme Court's ... rulings apply with full retroactive effect." *Graham v. Commissioner*, 82 T.C. at 308. However, the tax court refused to find that the illegal use of grand jury materials rendered the resulting statutory notices null and void, requiring their invalidation:

> Since petitioners have conceded the deficiencies and fraud additions absent invalidation of the statutory notices, we leave to another day the determination of the appropriate remedy in this Court where respondent has improperly used grand jury materials in preparing a statutory notice of deficiency. We simply hold that invalidation of the statutory notice is not that remedy.

*Id.*, at 310–11 (citations omitted).[9]

It is not shown, then, that the Tax Court deliberated upon the issue of fraud, as its discussion was limited to the impropriety of using secret grand jury materials in preparing notices of tax deficiency. Indeed, the court states that "[a]lthough the stipulated documents hint at alleged bribery and

8. Rule 6(e)(2) and (3), as discussed by the Supreme Court and without certain amendments effective as of Aug. 1, 1983, read as follows:

(e) Recording and Disclosure of Proceedings.

(2) General Rule of Secrecy.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding, or

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

9. Wilbur, J., concurring, states that "petitioner's counsel has technically selected the wrong remedy—asking for invalidation of the statutory notice, rather than shifting the burden of going forward with untainted evidence and precluding the respondent from introducing at trial the evidence improperly acquired." *Graham*, at 313.

extortion by petitioners, the record does not indicate the exact source or nature of the disallowed payments ... to the Grahams." *Id.*, at 309, n. 7. Thus, the issue of fraud was not litigated or determined by valid and final judgment by the prior court.

In sum, the question of whether the debtors filed a fraudulent tax return or willfully attempted to evade or defeat such tax for years 1969 through 1972 has not been decided for purposes of issue preclusion. IRS' motion for summary judgment on this basis is therefore denied.

### IV.

■ The Bankruptcy Code provides that the bankruptcy court may not determine

> the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title.

U.S.C. § 505(a)(2)(A). The government argues that this section and the doctrine of *res judicata* affirmatively bars any litigation with respect to the amount of the debtors' subject tax liabilities, including the correctness of the fraud penalties contained in these deficiencies. (Motion for Partial Summary Judgment, ¶¶ 2, 3.)

I agree that I am barred by § 505(a)(2)(A) from determining the correct amount of the underlying tax debt owed to IRS. The debtors admittedly challenged the tax assessment in tax court prior to the filing of their bankruptcy petition. According to the legislative history of this section, the circumstances in which a tax liability is "contested" are very broad:

> [I]f a petition and answer were filed in the Tax Court before the Title 11 petition was filed, and if the debtor later defaults in the Tax Court, then, under *res judicata* principles, the bankruptcy court could not then rule on the debtor's or the estate's liability for the same taxes.

124 Cong.Rec. H11110–11 (daily ed. Sept. 28, 1978); S17426–28 (daily ed. Oct. 6, 1978). If a default by a taxpayer resulting in a decision on behalf of the government precludes relitigation of the claim by a bankruptcy court, then decisions by the Tax Court in which the debtors fully participated, as herein, would have no less effect. Thus, pursuant to § 505(a)(2)(A), the tax liabilities are *res judicata*, and I cannot relitigate the instant deficiencies.

However, I have not been asked to relitigate the debtors' tax liabilities. The instant adversary proceeding seeks only a determination of dischargeability. As the Supreme Court noted in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the concept of claim preclusion does not apply in dischargeability proceedings in bankruptcy. *See also in re Cobley; In re Borbidge*, 81 B.R. 332, 336 (Bankr.E.D. Pa.1988); *In re Combs*, 40 B.R. 148 (Bankr.W.D.Va.1984). Although the judgment in the prior non-bankruptcy forum established the existence of the debt, the judgment cannot by a process of claim preclusion make the debt nondischargeable. *In re Cobley*, 89 B.R. at 448. *Accord, e.g., In re Daley*, 776 F.2d 834 (9th Cir.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Further, as shown above, the tax court did not adjudicate the question of whether the debtors committed fraud in submitting their tax returns. I cannot hold that the historical directive of Congress was meant to bind the later bankruptcy court to a decision by means of claim preclusion, where an issue was not addressed by the petition and answer.

At bottom, then, the IRS' motion for summary judgment founders on two points. The entry of a fraud penalty by the tax court, while disposing of the issue of liability, cannot result in claim preclusion on the issue of non-dischargeability. *Brown v. Felsen*. In addition, a stipulation not to contest a fraud penalty addition in tax court cannot result in issue preclusion. *See, e.g., In re Behr*. Therefore, the question of the debtors' fraud is an issue which cannot be resolved on the instant motion for summary judgment.

An appropriate order shall issue.