**In re Thomas A. GRAHAM and Elizabeth M. Graham, Debtors.**

**Thomas A. GRAHAM and Elizabeth M. Graham, Plaintiffs–Appellees,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant–Appellant.**

**Civ. A. No. 90–0425.**

United States District Court, E.D. Pennsylvania.

Aug. 23, 1991.

Joseph F. Minni, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiffs.

Leslie Beth Baskin, Spencer Ervin, Jr., Gratz, Tate, Spiegel, Ervin & Ruthrauff, Philadelphia, Pa., for plaintiffs and debtors.

James J. O'Connell, Asst. U.S. Trustee, Philadelphia, Pa., for trustee.

Joseph Simmons, Deputy in Charge of Bkrtcy. Operations, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an appeal from a final order of the bankruptcy court dated December 14, 1989, determining that the federal tax liabilities of the debtors, Thomas and Elizabeth Graham, were dischargeable. This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

This appeal presents three issues. The first issue is whether debtor Thomas A. Graham [1] was prohibited under the doctrine of res judicata from contending in the adversary proceeding in the bankruptcy court that his federal tax liabilities for the years 1969 through 1972 were not the result of fraud and, thus, dischargeable.[2] The second issue is whether debtor Thomas A. Graham is prohibited under the doctrine of collateral estoppel from contending in the adversary proceeding in the bankruptcy court that his federal tax liabilities for the years 1969 through 1972 were not the result of fraud and, thus, dischargeable. The final issue is whether the United States Supreme Court's recent decision in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), requires this court to remand this action to the bankruptcy court for a new trial.[3]

I.

Thomas A. Graham, was the president, majority stockholder, and chief operating officer of Meridian Engineering, Inc. ("Meridian"), from 1965 to 1980, when Meridian ceased operating as a business. In February 1980, the IRS issued to Thomas and Elizabeth Graham a statutory notice of tax deficiency concerning the years 1969 to 1972. The IRS claimed that the Grahams were liable for tax and fraud penalties as a result of Thomas Graham's failure to report certain income which he received from Meridian in addition to his regular salary.

The Grahams challenged the notice in tax court pursuant to 26 U.S.C. § 6213(a) on the basis that the IRS had determined the tax liabilities and attendant penalties by using secret grand jury materials from a non-related matter. The Grahams argued that this constituted a misuse and abuse of the grand jury proceedings, thus requiring invalidation of the resulting IRS tax deficiency notices.

The Grahams declined the opportunity for a trial in tax court, and instead entered into a stipulation which provided in part as follows:

> tions of each doctrine with respect to the issue of whether Thomas Graham was prohibited from contending in the bankruptcy court that his federal tax liabilities were not the result of fraud.

1. The IRS concedes that Elizabeth M. Graham's tax liability is dischargeable. This appeal concerns only the dischargeability of the federal tax liability of Thomas A. Graham.

2. In its "Statement of Issues" section of its appellate brief, the IRS does not raise this issue with respect to the doctrine of res judicata but instead only raises the issue with respect to the doctrine of collateral estoppel. However, throughout the discussion sections in its briefs, the IRS continually confuses the terms "res judicata" and "collateral estoppel" and uses the terms as if they were synonymous. Because res judicata and collateral estoppel are separate and distinct doctrines, I shall discuss the implica-

3. The appellant, the Internal Revenue Service ("IRS"), also argues that the bankruptcy court's conclusion that the IRS failed to establish fraud under 11 U.S.C. § 523(a)(1)(C) by clear and convincing evidence was based upon clearly erroneous findings of fact. I find this argument to be without merit and further find that the bankruptcy court's findings of fact in support of its decision were not clearly erroneous.

Petitioners Thomas A Graham and Elizabeth Graham agree that if it is finally determined that the notice of deficiency issued to them for the years in issue is not invalid the deficiencies in income tax and additions to tax determined therein, although not admitted, are uncontested so that decision may be entered in accordance with respondent's [IRS] determinations contained in the statutory notice of deficiency ... without the necessity for the introduction of any evidence by petitioners or respondent.

*Graham v. Commissioner of Internal Revenue,* 82 T.C. 299, 305 (1984), *aff'd,* 770 F.2d 381 (3d Cir.1985). The tax court held that the deficiency notice was not invalid, and entered judgment against the debtors in the total amount of $285,529.00. This amount, $285,529.00, included an additional assessment pursuant to 26 U.S.C. § 6653(b), which empowers the IRS to make such additions if the tax underpayment is fraudulent.

On June 23, 1987, the Grahams filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. In May 1988, the Grahams commenced an adversary proceeding against the IRS seeking a determination by the bankruptcy court that 11 U.S.C. § 523(a)(1)(C) did not prevent the discharge of their federal tax liability for the years 1969 through 1972. In a motion for summary judgment, the IRS argued that the Grahams should be denied a discharge under the principles of res judicata and collateral estoppel as a result of the previous pre-petition proceeding in the tax court. The bankruptcy court rejected this contention and denied the IRS's motion. *Graham v. Internal Revenue Service,* 94 B.R. 386 (E.D.Pa.1988). The case then proceeded to trial on the merits, after which the bankruptcy court determined that Thomas Graham's tax liabilities for the years 1969 through 1972 did not fall under the exception to discharge set forth in 11 U.S.C. § 523(a)(1)(C) and, thus, were dis-

chargeable. *Graham v. Internal Revenue Service,* 108 B.R. 498 (E.D.Pa.1989). The IRS thereafter filed a timely notice of appeal.

## II.

### A. The Doctrine of Res Judicata

The IRS argues that Thomas Graham is prohibited under the doctrine of res judicata from contending that his tax liabilities for the years 1969 through 1972 are dischargeable and not subject to the exception to discharge set forth under 11 U.S.C. § 523(a)(1)(C) which provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax ...—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax....

11 U.S.C. § 523(a)(1)(C).

The doctrine of res judicata, frequently called "claim preclusion," [4] provides that, once a final judgment is rendered on the merits in a court of competent jurisdiction, the parties are precluded from relitigating in a second action issues that were or could have been raised in the first action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981). Under the modern transactional view of claim preclusion, a plaintiff is not permitted to raise issues in the second action which could have been raised under the pleadings in the first action. *Meding v. Hurd,* 607 F.Supp. 1088, 1096 (D.Del.1985).

The bankruptcy court correctly held that the concept of res judicata, or claim preclusion, does not apply in dischargeability proceedings in bankruptcy. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).[5] The determination of

---

4. The Third Circuit has adopted the Second Restatement of Judgments' use of the terms "claim preclusion" and "issue preclusion" in order to simplify and clarify the often confusing terms "res judicata" and "collateral estoppel." *Gregory v. Chehi,* 843 F.2d 111, 116 (3d Cir.1988).

5. Although the decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), was decided under the old Bankruptcy Act, the reasoning and holding of *Brown* are equally, if not more so, applicable under the new Bankruptcy Code.

bankruptcy dischargeability is committed to the exclusive jurisdiction of the bankruptcy court. In the pre-bankruptcy proceedings in the tax court, the only issue before the court, as a result of the Grahams' stipulation of no contest, was the validity of the statutory notice of tax deficiency. Needless to say, the claim of dischargeability under the Bankruptcy Code was not before the tax court, nor could it have been, because (1) the Grahams had not yet filed their bankruptcy petition and (2) the determination of bankruptcy dischargeability is committed solely to the bankruptcy court.

■ The Bankruptcy Code provides that the bankruptcy court may not determine:

the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title.

11 U.S.C. § 505(a)(2)(A). The IRS maintains that 11 U.S.C. § 505(a)(2)(A) bars any litigation with respect to the amount of the debtors' tax liabilities. This court agrees with the IRS's interpretation of 11 U.S.C. § 505(a)(2)(A). Pursuant to section 505(a)(2)(A), the bankruptcy court is prohibited from relitigating the amount or legality of the tax liabilities.

■ In the present case, the bankruptcy court did not relitigate the amount or legality of Graham's tax liabilities. Instead, the bankruptcy court litigated the issue of whether Graham's tax liabilities were dischargeable under the Bankruptcy Code, a subissue of which was whether Thomas Graham acted fraudulently. "Although the judgment in the prior non-bankruptcy forum established the existence of the debt, the judgment cannot by a process of claim preclusion make the debt nondischargeable." 94 B.R. at 391.

At the time of a pre-bankruptcy proceedings, a debtor may not foresee the possibility of, or need for, filing a petition for protection under the Bankruptcy Code. Therefore, it would be inconsistent with the "fresh-start" policy[6] of the Bankruptcy Code to permit a pre-bankruptcy proceeding in the tax court in which a debtor could have contested the issue of "fraud," but for whatever reason did not, to foreclose that debtor from actually litigating the fraud issue in the bankruptcy court for the purpose of determining the dischargeability of tax liabilities.

### B. The Doctrine of Collateral Estoppel

Although the United States Supreme Court in *Brown v. Felsen* specifically limited its holding to the doctrine of res judicata, it implied that the doctrine of collateral estoppel would be applicable to bankruptcy proceedings:

This case concerns res judicata only, and not the more narrow principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10 (citations omitted). In *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court clarified, what its prior cases had suggested but never formally held, that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Id.* 111 S.Ct. at 658 n. 11.

■ The doctrine of collateral estoppel, or "issue preclusion," provides that, when a court decides through actual litigation an

---

**6.** The United States Supreme Court has acknowledged that "a central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

issue of fact or law necessary to its judgment, that issue cannot be relitigated by a party to the first lawsuit in a subsequent lawsuit. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *Rider v. Pennsylvania*, 850 F.2d 982 (3d Cir.1988).

■ For collateral estoppel to bar the relitigation of issues, the Third Circuit has established a four-part test that must be satisfied in order for issue preclusion to apply: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Matter of Ross*, 602 F.2d 604, 608 (3d Cir.1979); *Matter of McMillan*, 579 F.2d 289 (3d Cir.1978); *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir.1976). *See also* Restatement (Second) of Judgments § 27.[7]

■ In the *Graham* tax court case, the only issue before, and actually litigated by, the court was whether the notice of a tax deficiency sent to the Grahams was valid. This was the only issue before the tax court because the Grahams declined the opportunity for a trial and instead opted to enter into a stipulation which provided that, if the tax court concluded that the notice of deficiency was valid, the Grahams would not contest the entry of a judgment against them in accordance with the deficiencies in income tax and additions thereto set forth in the notice. Therefore, because the issue of fraud was never actually litigated in the tax court, the doctrine of collateral estoppel did not preclude Graham from litigating that issue in the adversary proceeding in bankruptcy court. Quite simply, pursuant to the doctrine of collateral estoppel or issue preclusion, an earlier judgment precludes an issue actually litigated and essential to the judgment, but does not preclude litigation of an issue that might have been, but was not, litigated in the earlier action.

■ The purpose of collateral estoppel or issue preclusion is to conserve judicial resources, avoid the cost and annoyance of multiple lawsuits, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). *See also Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir.1991).

> [However,] [t]he interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. *And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.*

Restatement (Second) of Judgment § 27 comment e (emphasis added).

C. The Supreme Court Decision in *Grogan v. Garner*

■ In *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), which was decided while this appeal was pending, the Supreme Court not only clarified that collateral estoppel principles apply in discharge-exception proceedings in bankruptcy court, but also decided that the preponderance-of-the-evidence standard of proof applies to the issue of nondischargeability under 11 U.S.C. § 523. The Court stated:

> If the preponderance standard ... governs the question of nondischargeability, a bankruptcy court could properly give

---

7. Section 27 of the Second Restatement of Judgments provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The Third Circuit Court of Appeals has often cited and quoted with approval sections 27 and 28 of the Second Restatement of Judgments and the comments thereto. *See, e.g., In re Braen*, 900 F.2d 621, 628 (3d Cir.1990); *Gregory v. Chehi*, 843 F.2d 111, 115–16 (3d Cir.1988). In addition, the United States Supreme Court in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), cited section 27 of the Second Restatement of Judgments with approval.

collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action. *See* Restatement (Second) of Judgments § 27 (1982). *Id.* 111 S.Ct. at 659–61. *See also In re Braen,* 900 F.2d 621, 624–26 (3d Cir.1990) (holding that creditors claiming a nondischargeable debt under § 523(a)(6) must prove by a preponderance of the evidence a malicious and willful injury inflicted by the debtor).

In light of the decision in *Grogan* and with this court's permission, the IRS submitted a supplemental brief addressing the implications of that decision on this appeal, and Thomas Graham submitted a response. In its supplemental brief, the IRS stated that "[t]he decision in *Grogan* addresses both issues that are presented on appeal— whether principles of collateral estoppel apply in dischargeability proceedings and the correct standard of proof for fraud." *See* Supplemental Brief of Defendant at p. 3. It is clear by looking to the "Statement of Issues" section of the IRS's appellate brief that the issue of whether clear and convincing is the correct standard of proof for fraud under section 523(a) was *not* an issue raised on appeal by the IRS.[8] In addition, in its supplemental brief, the IRS stated that the bankruptcy court held "that *collateral estoppel* does not apply in dischargeability proceedings." *See* Supplemental Brief of Defendant at footnote on p. 4 (emphasis added). In fact, what the bankruptcy court actually said was that "the concept of *claim preclusion* [i.e. res judicata] does not apply in dischargeability proceedings." 94 B.R. at 391;

108 B.R. at 501 (emphasis added). In light of this statement, it is clear that either appellant's attorney did not read the decisions of the bankruptcy court very carefully or that appellant's attorney does not understand the difference between the terms "claim preclusion" (i.e. res judicata) and "collateral estoppel" (i.e. issue preclusion).[9]

The IRS contends for the first time in its supplemental brief that, in requiring the IRS to prove fraud by clear and convincing evidence, the bankruptcy court applied the incorrect standard of proof for dischargeability under 11 U.S.C. § 523. Assuming without deciding that it is appropriate for the IRS to raise for the first time on appeal the issue of the appropriate standard of proof for fraud under 11 U.S.C. § 523, this court concludes that the decision in *Grogan* should *not* be applied retroactively. Consequently, I decline the suggestion of the IRS to remand this case to the bankruptcy court for a new trial.

The decision in *Grogan* dealt with a procedural issue—the correct standard of proof for fraud under 11 U.S.C. § 523 in dischargeability proceedings in bankruptcy. "Ordinarily, a procedural change in the law ... is not given retroactive application." *McMichael v. United States,* 856 F.2d 1024, 1025 (8th Cir.1988). *See also G.H. McShane Co. v. McFadden,* 554 F.2d 111 (3d Cir.), *cert. denied,* 434 U.S. 857, 98 S.Ct. 178, 54 L.Ed.2d 129 (1977); *Kacher v. Pittsburgh National Bank,* 545 F.2d 842 (3d Cir.1976).

By applying the nonretroactivity test set forth in *Chevron Oil Co. v. Huson,* 404

---

8. Not only is the issue concerning the correct standard of proof for fraud under 11 U.S.C. § 523 not set forth in the "Statement of Issues" section but also, in the discussion section of its brief, the IRS admits that it had the burden to prove fraud by clear and convincing evidence. *See* Brief of the Internal Revenue Service at p. 9.

9. I note that the bankruptcy court also observed the government's obvious confusion between the concepts of claim preclusion (i.e. res judicata) and issue preclusion (i.e. collateral estoppel). 108 B.R. at 500. The government's confusion between these two concepts was once again

pointed out by the Grahams in their appellate brief. *See* Brief on Behalf of Thomas A. Graham and Elizabeth M. Graham at p. 5.

Although they share the common goals of judicial economy, predictability, and freedom from harassment, these two concepts are separate and distinct and may have very different consequences. As already stated, claim preclusion prevents a party from prevailing on issues he might have but did not assert in the first action; whereas, issue preclusion forecloses only a matter actually litigated and essential to the decision.

U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), I also reach the same conclusion—that *Grogan* should *not* be given retroactive effect in the present case. *Chevron* requires a three-part analysis in determining whether a judicial decision should be applied prospectively. The three separate factors to be considered are:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking at the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we [must] weig[h] the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

404 U.S. at 106–107, 92 S.Ct. at 355. (citations omitted). I shall consider each of these factors.

*Grogan* established a procedural change in bankruptcy dischargeability proceedings by holding that the burden of proof for fraud under 11 U.S.C. § 523 was the preponderance of the evidence standard, rather than clear and convincing. In so doing, the Court clearly established a procedural change in federal bankruptcy law that the parties in this suit could not have anticipated or expected. When Thomas Graham petitioned for bankruptcy relief and instituted the adversary proceeding to determine the dischargeability of his federal tax liabilities, the Grahams, the IRS, and the bankruptcy court were all in agreement that the IRS had the burden of proving fraud under 11 U.S.C. § 523 by clear and convincing evidence. "It cannot be assumed that [Graham] did or could foresee that this consistent interpretation [of the standard of proof necessary to prove fraud

under 11 U.S.C. § 523] would be overturned. The most he could do was to rely on the law as it then was. 'We should not indulge in the fiction that the law now announced has always been the law....'" *Chevron*, 404 U.S. at 107, 92 S.Ct. at 356 (quoting *Griffin v. Illinois*, 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 (1956) (Frankfurter, J., concurring in judgment)).

In determining whether a judicial decision is to be given retroactive affect, courts in the Third Circuit have given particular consideration to whether a decision overruled past precedent on which litigants may have relied and whether a decision represents an abrupt change from what appeared to have been settled law. *Al–Khazraji v. Saint Francis College*, 784 F.2d 505, 510 (3d Cir.) ("In order to justify nonretroactive application, the judicial decision must announce a new principle of law that either overrules clear past precedent or decides an issue of first impression whose resolution was not clearly foreshadowed."), *cert. granted in part*, 479 U.S. 812, 107 S.Ct. 62, 93 L.Ed.2d 21 (1986), *aff'd*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582, *reh'g denied*, 483 U.S. 1011, 107 S.Ct. 3244, 97 L.Ed.2d 749 (1987); *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 554 (3d Cir.1985) ("The most important factor in the *Chevron* test is whether the decision establishes a new principle of law either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed."); *Erie Telecommunications, Inc. v. City of Erie*, 659 F.Supp. 580, 591 (W.D.Pa.1987) ("Where a new principle of law has been established which overrules clear past precedent, on which the litigants could reasonably rely, the involved decision may not be given retroactive effect."); *Perez v. Dana Corp.*, 545 F.Supp. 950 (E.D.Pa.1982) ("Generally, decisions will not be retroactively applied where they 'overrule clear past precedent' or announce a rule of 'first impression' which was not 'clearly foreshadowed'."), *aff'd*, 718 F.2d 581 (3d Cir.1983). Because the parties did not, and could not have foreseen, that the United States Supreme Court would have reversed established

precedent, it is inequitable to undo this action taken in reliance on that precedent.

Next, I must consider whether retroactive application of the Supreme Court's decision in *Grogan* will "further or retard its operation." *Chevron*, 404 U.S. at 106–7, 92 S.Ct. at 355–56. In *Grogan*, the Court expressed a willingness to promote uniformity in the standard of proof between pre-bankruptcy proceedings and bankruptcy dischargeability proceedings, in order to minimize unnecessary litigation by allowing a party who has reduced his fraud claim to a valid and final judgment in a jurisdiction that requires proof of fraud by a preponderance of the evidence to invoke collateral estoppel in the bankruptcy court when reviewing the issue of dischargeability. The retroactive operation of *Grogan* in the present case would require the parties to go through another trial even though they have already been provided a fair and appropriate trial and, thus, would not serve the goal set forth in *Grogan* of minimizing litigation.

The third *Chevron* factor is whether retroactive application of *Grogan* would be inequitable. I have already decided that retroactive application of *Grogan* would defeat the reasonable expectations of Thomas Graham, who relied upon the clear and convincing standard and could not have foreseen the decision in *Grogan* which established a procedural change in bankruptcy dischargeability proceedings. The Third Circuit has recognized that a decision which represents an abrupt change from what appears to be settled law should not be accorded retroactive effect. *See, e.g., United States v. Jankowski*, 771 F.2d 70 (3d Cir.) (if a judicial decision creates a new principle of law, it should not be applied retroactively), *cert. denied*, 474 U.S. 1023, 106 S.Ct. 578, 88 L.Ed.2d 561 (1985). Considerations of equity suggest that to apply *Grogan* retroactively would work an injustice, in part because of the time and money the parties have already invested in this action. The change in the law arose after the case had proceeded through a full and fair legal proceeding in the bankruptcy court. Consideration must also be given to the right of the prevailing party to the fruits of its successful litigation, the equity of relieving parties of the cost of multiple suits, and, in so doing, conserving the judicial resources by limiting the relitigation of disputes.

III.

The doctrine of res judicata, or claim preclusion, does not apply to proceedings in bankruptcy court. Although the doctrine of collateral estoppel, or issue preclusion, does apply to proceedings in bankruptcy court, it only forecloses the relitigation of an issue that was actually litigated and essential to the judgment. As a result of the stipulation of no contest signed by the Grahams, the issue of fraud was never litigated in the tax court. Therefore, Thomas Graham was not collaterally estopped from contending in the bankruptcy court that his federal tax liabilities did not fall within the fraud exception to discharge set forth in 11 U.S.C. § 523(a)(1)(C).

Because *Grogan* established a procedural change in bankruptcy law and upon consideration of the three *Chevron* factors, I conclude that *Grogan* should not be applied retroactively to the present case.

Accordingly, the judgment of the bankruptcy court shall be affirmed.